1  Marvin Pederson
   Attorney at Law
2  State Bar Number 85258
   755 Baywood Drive, Suite 350
3  Petaluma, CA  94954

4  Telephone: (707) 544-9444
   Facsimile: (707) 544-5829
5
   Attorney for Defendants  TAQUERIA SANTA
6      ROSA #1 AND FRANCISCO SAHAGUN

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10  IRMA RAMIREZ; and DAREN HEATHERLY,      )   **No. CASE NO. CV-13-05900-PJH**
                                            )   <u>**Civil Rights**</u>
11          Plaintiff,                      )
                                            )
12      vs.                                 )
                                            )
13  TAQUERIA SANTA ROSA #1; JAMES S.        )   **CONSENT DECREE**
    COLLETTO and JOHN V. COLLETTO, as       )
14  Successor Co-trustees of the JOSEPH S.  )
    COLLETTO and ANN D. COLLETTO TRUST,     )
15  dated November 1, 1988, specifically as to Trust B )
    of Said Trust; and FRANCISCO G. SAHAGUN, )
16  an individual dba Taqueria Santa Rosa #1, )
                                            )
17          Defendants.                     )
    _____)

18

19          **WHEREAS,** Plaintiffs IRMA RAMIREZ and DAREN HEATHERLY ("Plaintiffs") have filed

20  an action in the United States District Court, Northern District of California, alleging claims for

21  damages and injunctive relief under the Americans with Disabilities Act of 1990 (42 U.S.C. §§12101, *et*

22  *seq.*), California Civil Code §§54, 54.1, and 54.3, California Health and Safety Code §§19955, *et seq.*,

23  and California Civil Code §§51 *et seq.* (the Unruh Civil Rights Act) arising out of Plaintiffs' visit to

24  TAQUERIA SANTA ROSA #1  on November 20, 2013 and January 7, 2014; and

25          **WHEREAS,** Defendants TAQUERIA SANTA ROSA #1 AND FRANCISCO SAHAGUN dba

26  TAQUERIA SANTA ROSA #1 owns and operates Defendant TAQUERIA SANTA ROSA #1

27

28                                          1
    _____
                   CONSENT DECREE
               CASE NO. CV-13-05900-PJH

(collectively "Defendant TAQUERIA SANTA ROSA #1") located at 1950 Mendocino Avenue, Santa Rosa, California (the "Subject Property"); and

WHEREAS, Plaintiffs, Defendants TAQUERIA SANTA ROSA #1, and Defendant JAMES S. COLLETTO and JOHN V. COLLETTO, as Successor Co-trustees of the JOSEPH S. COLLETTO and ANN D. COLLETTO TRUST ("Defendants COLLETTO"), have agreed upon a settlement pursuant to which Defendant TAQUERIA SANTA ROSA #1 will perform certain remedial improvements at the Subject Property as a result of this litigation to provide access to disabled persons as well as make monetary payments to Plaintiffs and Plaintiffs' counsel in full and final settlement of Plaintiffs' claim for damages, attorneys' fees, costs and litigation expenses as outlined in Section VII below; and

WHEREAS, Plaintiffs, defendant TAQUERIA SANTA ROSA #1, and defendants COLLETTO agree that the settlement of this claim is made in good faith and in an effort to avoid expensive and protracted litigation, but without any admission or finding or liability or fault as to any allegation or matter; and

WHEREAS, the present front entrance, dining area, and restroom at the Subject Property may present architectural barriers to a wheelchair user.

## NOW, THEREFORE, it is ORDERED, ADJUDGED, AND DECREED as follows:

### I. JURISDICTION

A.   The Court has jurisdiction over the subject matter of and the parties to this Consent Decree pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12101, *et seq.*

B.   Defendant TAQUERIA SANTA ROSA #1 and Defendants COLLETTO, do not contest and agree not to contest the Court's jurisdiction to enter into and enforce this Consent Decree.

### II. DENIAL OF LIABILITY

Defendant TAQUERIA SANTA ROSA #1 and Defendants COLLETTO, deny any and all legal or equitable liability under any federal, state, or local statute, regulation or ordinance, or the common law, for any damages or claims caused by or arising out of Defendant TAQUERIA SANTA ROSA #1's and Defendants COLLETTO's acts or inaction.  By entering into this Consent Decree, or by taking any action in accordance with it, Defendant TAQUERIA SANTA ROSA #1 and Defendants COLLETTO,

do not admit any allegations contained herein or in the complaint, nor do Defendant TAQUERIA

SANTA ROSA #1 and Defendants COLLETTO admit any liability for any purpose or admit any issue

of law or fact or any responsibility for the alleged noncompliance of the Subject Property with the ADA,

Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), California Building Standards

Code, or any other state or federal building code or statute.

### III. PURPOSE

The purpose of this Consent Decree is to

A.   Resolve amicably the existing dispute between the parties hereto;

B.   Settle the claims asserted against Defendant TAQUERIA SANTA ROSA #1 and Defendants

COLLETTO in the complaint filed in this matter;

C.   Provide for the REMEDIAL WORK, as defined in Section VI.B. below, as necessary to

provide access to persons with disabilities; and

D.   Confirm that the REMEDIAL WORK meets the "readily achievable" standard of the ADA

as well as the standards set forth in the ADAAG, California Building Standards Code, and other

applicable state or federal building code or statute.

### IV. BINDING EFFECT

A.   The undersigned representative certifies that he is an officer or agent of Defendant

TAQUERIA SANTA ROSA #1 and is fully authorized to enter into the terms and conditions of this

Consent Decree and that he or she is fully authorized to execute this document and legally bind

Defendant TAQUERIA SANTA ROSA #1 to the provisions of this Consent Decree.

B.   The undersigned representative certifies that he is an officer or agent of Defendants

COLLETTO and is fully authorized to enter into the terms and conditions of this Consent Decree and

that he is fully authorized to execute this document and legally bind Defendants COLLETTO to the

provisions of this Consent Decree.

C.   The undersigned representative certifies that he or she is an officer or agent of Plaintiffs and

is fully authorized to enter into the terms and conditions of this Consent Decree; that he or she is fully

authorized to execute this document and legally bind Plaintiffs to the provisions of this Consent Decree;

3

1  and that he or she has not assigned, transferred, or purported to assign or transfer to any person or entity

2  any claim or other matter which is the subject of this Consent Decree.

3  

**V. WORK TO BE PERFORMED**

4  A.  In general, Defendant TAQUERIA SANTA ROSA #1 shall make the Subject Property

5  accessible to persons with disabilities in accordance with the "Readilby Achievable" standard

6  under 28 C.F.R. part 36 in conjunction with the ADAAG.

7  B.  Specifically, as settlement of the equitable claim brought by Plaintiffs, Defendant

8  TAQUERIA SANTA ROSA #1 shall undertake remedial measures to make the following

9  elements of the Subject Property accessible to persons with disabilities, which constitutes the

10 removal of architectural barriers pursuant to the readily achievable standard as set forth in the

11 Code of Federal Regulation (28 C.F.R. 36.304), the ADA, and the ADAAG, as referred to in the

12 ADA and ADAAG, California Building Standards Code, and other applicable state and federal

13 building code or statute, and which remedial measures are referred to herein as the

14 "REMEDIAL WORK";

15 **ENTRANCE**

16 • excessive door pressure (approximately at 15lbs);

17 **DINING**

18 • inaccessible service counter (approximately at 46" to 47");

19 • inaccessible table seating (table height and noncomplying pedestal);

20 • inaccessible table seating outside (table height and noncomplying pedestal);

21 • lack of required five (5) percent accessible seating.

22 **PATH OF TRAVEL**

23 • noncomplying men's and women's restrooms; (unisex restroom and/or single

24    accommodation for the disabled);

25 • no International Symbol of Accessibility (ISA) signage at both restrooms;

26 • door knobs and latches that require grasping, turning or pinching (lock in both restrooms.

27    There is no levered door hardware on the women's restroom or men's restroom);

28
4

CONSENT DECREE
CASE NO. CV-13-05900-PJH

- excessive door pressure (approximately at 10lbs. for both restrooms);

- grab bar(s) too short (rear grab bar is at approximately 24" and side grab bar is at approximately 36" in both restrooms);

- flush control of toilet on the narrow side between wall and toilet tank wrong side in both restrooms;

- dispenser(s) located too high/not usable in both restrooms (paper towel dispenser is approximately at 55");

- paper towel dispenser(s) too high or not property placed (approximately 55" in both restrooms);

- noncomplying mirror placement in both restrooms (approximately at 53" from the floor); and

- insufficient clear space in both restrooms.

C.   The work to be performed pursuant to this Consent Decree shall be completed within three (3) years of the date the Court enters this Consent Decree.

D.   The parties also agree that the REMEDIAL WORK meets the "readily achievable" standard of the ADA as well as the standards set forth in the ADAAG, California Building Standards Code, and other applicable state or federal building code or statute.

## VI. MONETARY PAYMENT

A.   In full and complete settlement of Plaintiffs' claims against Defendant TAQEURIA SANTA ROSA #1 and Defendants COLLETTO, it is further agreed that Defendant TAQUERIA SANTA ROSA #1 and Defendants COLLETTO shall pay to Plaintiffs and their counsel, Thomas E. Frankovich, A Professional Law Corporation, the sums set forth in a Mutual Settlement Agreement entered into among the parties in a court supervised mediation. The Mutual Settlement Agreement and Release itself is not a part of this Consent Decree.

## VII. MODIFICATION

There shall be no modification of this Consent Decree without written approval of all parties hereto.

5

# VIII.  EFFECTIVE DATE

This Consent Decree is effective upon the date of its entry by the Court.

## IX.  CONTINUING JURISDICTION

The Court specifically retains jurisdiction over both the subject matter of and the parties to this action for the duration of this Consent Decree for the purpose of issuing such further orders or directions as may be necessary or appropriate to construe, implement, modify, enforce, terminate, or reinstate the terms of this Consent Decree, including but not limited to attorneys' fees, costs and litigation expenses incurred in enforcing this Consent Decree, or for any further relief as the interest of justice may require.

## X.  TERMINATION AND SATISFACTIOUN

Upon Defendant TAQUERIA SANTA ROSA #1's completion of the work to be performed, as specified, pursuant to this Consent Decree, on or before three (3) years of the Court's entry of this Consent Decree, whichever occurs earlier, the Court's jurisdiction of this matter shall terminate unless the parties show good cause for the continuance of this Consent Decree.

The undersigned hereby consent to the foregoing Consent Decree.

Dated: February -11-2015          For Defendant TAQEURIA SANTA ROSA #1

FRANCISCO SAHAGUN dba
TAQUERIA SANTA ROSA #1 AND

Dated:                            For Defendants COLLETTO

JAMES COLLETTO
                                         (CO-TTE)
JOHN COLLETTO

6

Dated: 3/11/2015

For Plaintiff IRMA RAMIREZ

IRMA RAMIREZ

Dated: 3/11/2015

For Plaintiff DAREN HEATHERLY

DAREN HEATHERLY

**ORDER**

**IT IS SO ORDERED.**

Dated: 3/31/15

HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT COURT JUDGE

IT IS SO ORDERED
Judge Phyllis J. Hamilton

CONSENT DECREE
CASE NO. CV-13-05900-PJH